SCHAUB, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 17—April 5, 1911.*

*Perjury: Questions for jury: Instructions.*

Upon the evidence given in a trial for perjury it is *held* that the trial court rightly charged the jury that the alleged false testimony in question was untrue.

ERROR to review a judgment of the circuit court for Fond du Lac county: W. J. TURNER, Judge. *Affirmed.*

The plaintiff in error was informed against as having committed the offense of perjury. He was tried on an issue of not guilty, convicted, and sentenced. The judgment was removed to this court for review.

*R. L. Morse,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

MARSHALL, J. The sole supposed error is that the court, in charging the jury, referring to the alleged false testimony, said it was untrue and that if they were satisfied beyond a reasonable doubt that it was given wilfully and corruptly they should render a verdict of guilty.

No complaint is made but that the court rightly instructed the jury that the alleged false evidence was relevant and material and none but that, if it were false and wilfully so, the accused was guilty. The contention is solely, that the court wrongly instructed the jury that the evidence was false,— that whether it was so or not turned on which of two occasions the accused referred to in what he said; if to the one the court took the evidence as referring to it was untrue; if to the one the accused testified he had in mind it was true; therefore,— since it was subject to the double construction there was room

for reasonable doubt as to whether the alleged offense was committed.

A careful reading of the evidence constrains us to conclude that the trial judge was right in holding that it was free from ambiguity and referred unmistakably to the occasion which rendered it untrue. Therefore the testimony of the accused that he did not so intend bore only on whether he swore corruptly. So there was no error in the instruction and the judgment must be affirmed.

*By the Court.*—So ordered.